**Aylin Gaughan**
150 East 61st Street – 9J
New York, NY 10065
646 957 2062

March 19, 2013

Office of The United States Trustee
Tracy Hope Davis, US Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

**Executive Office for U.S. Trustees**
Office of Criminal Enforcement
441 G Street, NW
Suite 6150
Washington, DC 20530

Re: Donald Citak back door compensation/fraudulent bankruptcy filing for Morgan Brian Gaughan
12-10532-SHL

Dear U.S. Trustee Davis and Executive Office for U.S. Trustees:

Attached, please find my complaint for the fraudulent bankruptcy that Donald Citak filed on behalf of now deceased Morgan Brian Gaughan.

Not only did Donald Citak try to purchase the only known asset of the now deceased Morgan Brian Gaughan and misrepresent and lie about his true intentions to the Honorable Sean Lane as back door compensation for services that were rendered, but I am attaching further proof in support of my argument that Donald Citak is now representing the mother (see attached) of the deceased (Morgan Brian Gaughan) in an estate matter. After stating in federal court that there were no assets.

Mr. Citak thinks nothing of Professional Ethics involved in an effort to serve his own interests instead of the clients.

I will also take it one step further and say that after reviewing my complaint to the Grievance Committee about his behavior, I am also alleging that Mr. Donald Citak, paid off Mr. Jorge Dopico of the NY County Grievance Committee in an effort to have the complaint dismissed. I have now forwarded my complaint to the Honorable Judge Gonzalez of the Appeals court questioning the break in protocol investigating my allegations against Mr. Donald Citak by Mr. Jorge Dopico.

Thank you for your attention to this matter.

Respectfully,

Aylin Gaughan

Cc:

Honorable Sean Lane
One Bowling Green
New York, NY 10004

Jeffrey Sapir
Jody Kava
Ch. 13 Trustee
399 Knollwood Road
White Plains, NY 10603

Aylin Gaughan
150 East 61st Street - 9J
New York, NY 10065
646 957 2062

March 19, 2013

Honorable Luis A. Gonzalez, Presiding Justice
NY State Supreme Court Appellate Division
First Department
27 Madison Avenue
New York, NY 10010

**Re: Jorge Dopico/Donald Citak, NY County Grievance Committee Matter 2012.2216**

Dear Honorable Judge Gonzalez,

I would like to add the attached exhibit in further support of my March 11, 2013 grievance against Donald Citak and Jorge Dopico that I submitted to your office last week, which was acknowledged by Margaret Sowah.

Despite claiming in federal bankruptcy court that there were no assets of the estate of my now deceased ex-husband Morgan Brian Gaughan, Mr. Donald Citak is now representing the mother, Martha Collins in the estate matter concerning the asset apartment, where I reside. **The same asset apartment for which Mr. Donald Citak tried to purchase without full disclosure (to the bankruptcy federal court, the Trustee or anyone of any legal authority) as back door compensation for services rendered in the fraudulent Chapter 13 filing, which has now been dismissed.**

This should be viewed as another huge conflict of interest and yet another violation of Professional Ethics for which Mr. Donald Citak obviously has no regard for. How is it possible for Mr. Citak to allege no assets in one court and now allege that there are in another court? Mr. Citak can not keep playing both sides for his own personal interests.

I also believe that Mr. Citak is now representing his now deceased bankruptcy client's mother in the estate matter as a way to thumb his nose at my complaint as well his usual flagrant disregard for conflicts of interest for his own personal monetary gain. In which case, would be to try to stick it to me for voicing my complaints, along with trying to do damage control over situation that Mr. Citak has clearly lost sight and control of. Mr. Citak has lost so much control over the matter that it is now my understanding that his former associate (who worked on the Ch. 13 fraudulent bankruptcy), Owen Kloter resigned.

It is also my belief and contention that Mr. Donald Citak and Mr. Jorge Dopico (who supposedly investigated my allegations against Mr. Donald Citak) have some form of understanding or relationship in the matter at hand since Mr. Jorge Dopico willingly and

knowingly broke protocol for Mr. Donald Citak in my original four complaints to the Grievance Committee.

Thank you.

Respectfully,

Aylin Gaughan

Cc: Margaret Sowah

*Three Attorneys*

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF NEW YORK: HOUSING PART
-----------------------------------------------------------X
150 EAST TENANTS CORP.,                                          Index No.: L&T 057184/13

                Petitioner-Landlord,

      -against-                                                              **STIPULATION**

MARTHA COLLINS, As Distributee of THE
ESTATE OF MORGAN BRIAN GAUGHAN
a/k/a MORGAN GAUGHAN
150 East 61st Street
Apartment 9JK
New York, New York 10065

                Respondent-Tenant,

AYLIN GAUGHAN
"John Doe" and/or "Jane Doe,"

                Respondent-Undertenants.
-----------------------------------------------------------X

      **IT IS HEREBY STIPULATED** by and between the undersigned that:

1. The above-referenced proceeding currently scheduled for March 19, 2013 at 9:30am is adjourned for all purposes to **April ___ 2013 at 9:30am**, or the first available date thereafter;

2. Respondent Martha Collins, as distributee of the Estate of Morgan Brian Gaughan a/k/a Morgan Gaughan must serve her answer to the Petition no later than **April 2, 2013**;

3. Facsimile signatures shall be deemed as originals for the purposes of executing this stipulation;

4. This stipulation may be executed in counterparts.

Dated: New York, New York
       March 18, 2013

| | |
|---|---|
| ROSEN LIVINGSTON & CHOLST LLP<br>Attorneys for Petitioner | CITAK & CITAK<br>Attorneys for Respondent-Tenant |
| _/s/_<br>BY: ANDREW J. WAGNER, ESQ.<br>275 Madison Avenue – Suite 500<br>New York, New York 10016<br>Tel. (212) 687-7770 | _____<br>BY: ALEXANDER KEBLISH, ESQ.<br>270 Madison Avenue – Suite 1203<br>New York, New York 10016<br>Tel. (212) 759-9585 |

SCHWARTZ, LEVINE & KAPLAN, PLLC
Attorneys for Respondent-Undertenant

_____
BY: JEFFREY A. KAPLAN, ESQ.
60 East 42nd Street, Suite 4600
New York, New York 10165
Tel. (212) 485-9804

Pg 7 of 11

Aylin Gaughan
150 East 61st Street Apt. 9J
New York, NY 10065

January 16, 2013

Mr. Jorge Dopico
NY State Grievance Committee
Departmental Disciplinary Committee for the First Department
61 Broadway, 2nd Floor
New York, NY 10006

Re: **Matter of Donald L. Citak, Esq.**
    **Docket No. 2012.2216**

Dear Mr. Dopico and Departmental Disciplinary Committee:

Please accept this correspondence in response to your letter dated January 4, 2013 and as my formal request for reconsideration.

Needless to say, I was extremely disappointed to receive your letter of January 4, 2013 in which you advised that the "Committee has decided to take no further action." While I understand your great reluctance to discipline or even give a warning to a fellow member of the bar, I fail to understand that reasoning behind that decision. I have previously submitted four (4) separate submissions on four (4) separate occasions. My four (4) prior submissions contained irrefutable proof Mr. Citak's unethical behavior, including but not limited to: bullying and threatening his way into my home. Additionally, it is unequivocal that Mr. Citak failed to disclose to Judge Lane of his attempt to purchase the asset apartment in the bankruptcy proceeding at an extremely low price for his son. Furthermore, Mr. Citak misled the Court, myself, and the rest of the creditors, while running up legal bills for all parties for his own financial benefit.

Throughout the bankruptcy proceedings, Mr. Citak asserted that his client (my ex-husband) was in a delicate frame of mind and not prone to rational decision making. But never suggested the client was non compos mentis. In a self-serving move, Mr. Citak took full advantage of my ex-husband's state of mind by trying to purchase the one true asset of the matrimonial estate. All of which are in Mr. Citak's own admissions that I provided to this committee (see enclosures). Rule 1.2 Diminished Capacity and Rule. 1.6. (Also, please see attachment from NYSBA)

As I mentioned in my last submission, the bankruptcy proceeding was dismissed on the grounds of fraud in October of 2012. Mr. Citak was an integral part of the fraud perpetrated upon the bankruptcy court and the creditors by his refusal to disclose his ulterior motive of purchasing the cooperative apartment for a greatly discounted price in bankruptcy court. (Bankruptcy Code 9011, see attachment)

Judge Lane said on the record that due to the dismissal of the bankruptcy, this was a very serious matter for the Grievance Committee to review.

I hope that this disciplinary committee does not simply "kicked the can down the road" without a thorough investigation of all the facts of this matter. While I am understanding of your reluctance to formally chastise a member of the bar, but it seems abundantly clear that my prior submissions to this disciplinary committee were not read thoroughly.

Since my last submission to the disciplinary committee, it should also be brought to your attention that Mr. Citak is now representing my ex-husband's mother, Martha Collins, in the estate matter due to his death. A death in my opinion, that could have been prevented had Mr. Citak been forthcoming with information about his client's mental capacity (non compos mentis) instead of only focusing on his own interests.

Interestingly, Mr. Citak is now asserting on behalf of his new client that my deceased ex-husband has assets belonging to his estate. This new position is diametrically opposite of the position taken by Mr. Citak in the bankruptcy court. It seems to me that at the very least that Mr. Citak has violated his professional duty of candor to the bankruptcy court and opposing counsel. <u>Moreover, I question the inherent conflict of interest on Mr. Citak's part of representing a beneficiary of my-ex-husband's estate to which he previously claim that there were no assets belonging to his former client.</u> Not to mention getting involved with someone who clearly wants to know what my ex-husband did have and didn't have. [Rules 1.9, 1.7, 3.3]

Mr. Citak is obviously either betraying attorney/client privilege, which should continue despite death, or not being forthcoming to the beneficiary, Martha Collins of the estate that he is now representing because it would not bode well with the misleading representations that he made in federal court, despite knowing otherwise. Either way, it is simply just wrong. [Candor towards tribunal and conflict of interest. (Rule 3.3 and 3.4) How is it possible to tell myself and other creditors that there are no assets and then represent towards the beneficiaries that there are? Therefore, the logical conclusion can be either Mr. Citak knowingly and deliberately misled the federal court or is misleading and misrepresenting things to the estate.

It is my position that Mr. Citak's lack of honesty with information and candor towards tribunal to suit his own needs is a violation of professional ethics. Moreover, Mr. Citak compounds his prior transgressions with now engaging in a conflict of interest representation of a beneficiary of my ex-husband's estate. Furthermore, in my opinion, it is apparent that Mr. Citak is placing his own financial gain (once again) ahead of being an ethical attorney.

Every penny that Mr. Citak would have paid had I not called attention to his actions, for the apartment at a severely discounted price due to insider knowledge, would be one penny less paid to the creditors that his client owed money to. Mr. Citak also left a very lengthy message on my attorney Jeff Kaplan's voicemail that my other attorney was being difficult in helping him to obtain this apartment. Both attorney's both orally and by written word told Mr. Citak several times, as evidenced by the emails that I have submitted that he needs to abide by his own stipulation. And his actions were unethical by not being forthcoming with the court, creditors, and anyone else involved in these legal actions. Capturing an

apartment not below market value for his son with his insider knowledge to get a severely discounted price is a complete violation of these Ethics Rule and Bankruptcy Code. (see attachment). Rule 1.5 and Rule 1.14(c)

Also, let me remind you that while Mr. Citak was buys misrepresenting his true intentions to the court and creditors, all other obligations to the court fell by the wayside. Mr. Citak wasted everyone's time and resources involved for his own personal gain.

I took the time over the last week to read the NY State Bar Rules of Professional Conduct and here are just a few that Mr. Citak is clearly in violation of.

- Rule 1.0 – Terminology (f) "Differing interests" include every interest that will adversely affect either the judgment or the loyalty of a lawyer to a client, whether it be a conflicting, inconsistent, diverse, or other interest.

- Rule 1.2 SCOPE OF REPRESENTATION AND ALLOCATION OF AUTHORITY BETWEEN CLIENT AND LAWYER [4] In a case in which the client appears to be suffering diminished capacity, the lawyer's duty to abide by the client's decisions is to be guided by reference to Rule 1.14.

- Rule 1.5 Fees and Division of Fees (d) A lawyer shall not enter into an arrangement for, charge or collect: (1) a contingent fee for representing a defendant in a criminal matter; (2) a fee prohibited by law or rule of court;

- Rule 1.6 Confidentiality of Information Part (b) A lawyer may reveal or use confidential information to the extent that the lawyer reasonably believes necessary: (1) to prevent reasonably certain death or substantial bodily harm

- Rule 1.6 Confidentiality of Information Scope of the Professional Duty of Confidentiality/Use of Information Related to Representation[4B] The duty of confidentiality also prohibits a lawyer from using confidential information to the advantage of the lawyer or a third person or to the disadvantage of a client or former client unless the client or former client has given informed consent. See Rule 1.0(j) for the definition of "informed consent." This part of paragraph (a) applies when information is used to benefit either the lawyer or a third person, such as another client, a former client or a business associate of the lawyer. (PDF 27)
[1] This Rule governs the disclosure of information protected by the professional duty of confidentiality. Such information is described in these Rules as "confidential information" as defined in this Rule. Other rules also deal with confidential information. See Rule 1.9(c)(1) for the lawyer's duties with respect to the use of such information to the disadvantage of clients and former clients; Rule 1.9(c)(2) for the lawyer's duty not to reveal information relating to the lawyer's prior representation of a former client; Rule 1.14(c) for information relating to representation of a client with diminished capacity; Rule 1.18(b) for the lawyer's duties with respect to information provided to the lawyer by a prospective client; Rule 3.3 for the lawyer's duty of candor to a tribunal; and Rule 8.3(c) for information gained by a lawyer or judge while participating in an approved lawyer assistance program. [2] A fundamental principle in the client-lawyer relationship is

that, in the absence of the client's informed consent, or except as permitted or required by these Rules, the lawyer must not knowingly reveal information gained during and related to the representation, whatever its source. See Rule 1.0(j) for the definition of informed consent. The lawyer's duty of confidentiality contributes to the trust that is the hallmark of the client-lawyer relationship. The client is thereby encouraged to seek legal assistance and to communicate fully and frankly with the lawyer, even as to embarrassing or legally damaging subject matter. The lawyer needs this information to represent the client effectively and, if necessary, to advise the client to refrain from wrongful conduct. Typically, clients come to lawyers to determine their rights and what is, in the complex of laws and regulations, deemed to be legal and correct. Based upon experience, lawyers know that almost all clients follow the advice given, and the law is thereby upheld. (PDF # 26)

- Rule 1.7 Conflict of Interest - Current Client (PDF # 33) Consent to Future Conflict [22] Whether a lawyer may properly request a client to waive conflicts that might arise in the future is subject to the conditions set forth in paragraph (b). The effectiveness of advance waivers is generally determined by the extent to which the client reasonably understands the material risks that the waiver entails. At a minimum, the client should be advised generally of the types of possible future adverse representations that the lawyer envisions, as well as the types of clients and matters that may present such conflicts. The more comprehensive the explanation and disclosure of the types of future representations that might arise and the actual and reasonably foreseeable adverse consequences of those representations, the greater the likelihood that the client will have the understanding necessary to make the consent "informed" and the waiver effective. See Rule 1.0(j). The lawyer should also disclose the measures that will be taken to protect the client should a conflict arise, including procedures such as screening that would be put in place. See Rule 1.0(t) for the definition of "screening." The adequacy of the disclosure necessary to obtain valid advance consent to conflicts may also depend on the sophistication and experience of the client. For example, if the client is unsophisticated about legal matters generally or about the particular type of matter at hand, the lawyer should provide more detailed information about both the nature of the anticipated conflict and the adverse consequences to the client that may ensue should the potential conflict become an actual one. In other instances, such as where the client is a child or an incapacitated or impaired person, it may be impossible to inform the client sufficiently, and the lawyer should not seek an advance waiver. On the other hand, if the client is an experienced user of the legal services involved and is reasonably informed regarding the risk that a conflict may arise, an advance waiver is more likely to be effective, particularly if, for example, the client is independently represented or advised by in-house or other counsel in giving consent. Thus, in some circumstances, even

- RULE 1.7: CONFLICT OF INTEREST: CURRENT CLIENTS (a) Except as provided in paragraph (b), a lawyer shall not represent a client if a reasonable lawyer would conclude that either: (1) the representation will involve the lawyer in representing differing interests; or (2) there is a significant risk that the lawyer's professional

judgment on behalf of a client will be adversely affected by the lawyer's own financial, business, property or other personal interests. (b) Notwithstanding the existence of a concurrent conflict of interest under paragraph (a), a lawyer may represent a client if: (1) the lawyer reasonably believes that the lawyer will be able to provide competent and diligent representation to each affected client (PDF # 33)

- Rule 1.8  Conflict of Interest - Specific Current Client (PDF # 44)

- RULE 1.14: CLIENT WITH DIMINISHED CAPACITY (c) Information relating to the representation of a client with diminished capacity is protected by Rule 1.6. When taking protective action pursuant to paragraph (b), the lawyer is impliedly authorized under Rule 1.6(a) to reveal information about the client, but only to the extent reasonably necessary to protect the client's interests.

- Rule 3.3  Conduct Before a Tribunal(PDF # 108)
     Comments ## 5-9 and 12 Preserving Integrity of the Adjucative Process (PDF # 111)

- Rule 3.4  Fairness to Opposing Party and Counsel (PDF # 113)

Once again, I implore the disciplinary committee to take a closer look and reconsider it's ruling embodied in your letter of January 4, 2013. For your convenience, I have attached my (4) four prior submissions for a second look.

Respectfully,

Aylin Gaughan

Enclosures
cc:
**TRACY HOPE DAVIS**
**Linda Rifkin**
**UNITED STATES TRUSTEE**
33 WHITEHALL STREET, SUITE 2100
NEW YORK, NY 10004

Honorable Sean Lane
United States Bankruptcy Court
One Bowling Green
New York, NY 10004

Jeffrey Sapir
Jody Kava
Ch. 13 Trustee
399 Knollwood Road
White Plains, NY 10603